**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| TRAN ENTERPRISES, LLC d/b/a NUTRITION DEPOT, § § § | |
| Plaintiff, § § | |
| § | CIVIL ACTION NO. H-08-2748 |
| v. § § | |
| DHL EXPRESS (USA), INC., § § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

This case arises from deliveries made by DHL Express (USA), Inc. to customers of Nutrition Depot. The deliveries were collect-on-delivery ("COD"). Nutrition Depot alleges that it never received the checks, although its customers received the packages and gave the payment checks to DHL. This court held that DHL was entitled to summary judgment that its liability was limited to $100 per shipment. (Docket Entry No. 28). In reaching that result, this court held that the $100 liability limitation in DHL's Terms and Conditions was enforceable under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, and that the Carmack Amendment preempted Nutrition Depot's state-law claims. (*Id.*). The remaining issues were the number of shipments at issue and how many $100 settlement checks DHL had sent to Nurtition Depot.

Nutrition Depot has now moved for reconsideration, (Docket Entry No. 31), arguing that allowing DHL to limit its liability on the facts alleged violates public policy because it encourages conversion. DHL has responded, (Docket Entry No. 34), arguing that Nutrition Depot has not presented new arguments or evidence justifying reconsideration. DHL also argues that the record does not present any evidence of conversion.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Sheperd v. International Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintifs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order. *Steadfast Ins. Co. V. SMX 98, Inc.*, No. 06-2736, 2009 WL 3190452 (S.D. Tex. Sept. 28, 2009) (drawing the line at 10 days instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1, 2009). Nutrition Depot moved for reconsideration 10 days after the summary judgment order, meaning that the motion falls under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*,

367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Nutrition Depot's motion does not satisfy the Rule 59(e) standard described in these cases. Nutrition Depot has not pointed to any newly discovered evidence. It has not identified any authority that calls into question this court's legal conclusion that, under the Carmack Amendment, the liability limitation is valid and the state-law claims are preempted.[1] The reconsideration motion makes the same core argument as Nutrition Depot's summary judgment briefing: that DHL should not be allowed to limit its liability for allegedly stealing money from Nutrition Depot. This argument has already been rejected. The Carmack Amendment preempts intentional tort claims. *See Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306-07 (5th Cir. 1993).

In addition, the evidence does not support the contention that DHL "converted" the COD checks at issue. According to DHL's records, it collected ten COD checks on behalf of Nutrition Depot. For nine of these ten checks, the records show that DHL made a shipment to Nutrition Depot the following day. For the tenth check, the record shows that DHL made a shipment to Nutrition Depot four days later. According to Dana Edwards, a DHL employee with knowledge of the COD

---

[1] Nutrition Depot argues that *Circle Redmont, Inc. v. Mercer Transp. Co.*, 795 So.2d 239, 241 (Fla. Dist. Ct. App. 2001), is not on point because in that case, the court did not address the conversion claim. But the point of *Circle Redmont* is that the preemptive effect of the Carmack Amendment extends to cases in which COD checks are missing; it is not limited to cases in which a carrier loses or damages physical goods. And Nutrition Depot concedes in its reconsideration motion that the Carmack Amendment applies to COD cases and to the present case. (Docket Entry No. 31-1 at 13). The case law is clear that the Carmack Amendment preempts state-law claims relating to a carrier's liability for interstate shipment, including intentional tort claims. *See Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306-07 (5th Cir. 1993).

procedures, these subsequent shipments from DHL to Nutrition Depot would have included the COD checks. (Docket Entry No. 34, Ex. A, Edwards Aff., ¶¶ 13-14).

Nutrition Depot has not shown a manifest error of law or fact or presented newly discovered evidence. Nutrition Depot's motion for reconsideration is denied.

DHL is willing to stipulate to the number of shipments for which it accepts liability limited to $100 per shipment. DHL asserts that its records show that Nutrition Depot claims it did not receive the COD funds for twenty shipments and that DHL sent the COD funds for ten of these shipments. The records show a twenty-first shipment that was not sent COD but never made it to the destination. DHL is nonetheless willing to stipulate that it has not discharged its $100 liability for twenty-four Nutrition Depot shipments. Consistent with those stipulations, DHL has proposed a final judgment for $2,400.00. This is consistent with the court's prior rulings and provides Nutrition Depot with the recovery allowed under the statute.

Final judgment is entered by separate order.[2]

SIGNED on January 12, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[2] Because of this ruling, Nutrition Depot's motion for an extension of time to file the Joint Pretrial Order, (Docket Entry No. 32), is denied as moot.